IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

GOLDIE TAYLOR, III                                                            PLAINTIFF
5422 Bannon Crossings Drive
Louisville, Kentucky 40218

                                                        Case No. 3-15-CV-304-JGH
v.
                                                        Judge _____

PINNACLE CREDIT SERVICES, LLC
7900 Highway 7
St. Louis Park, Minnesota 55426

        SERVE:    KENTUCKY SECRETARY OF STATE

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                  421 W. Main Street
                  Frankfort, Kentucky 40601

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Goldie Taylor, III, by counsel, and for his Verified Complaint against the Defendants, Pinnacle Credit Services, LLC ("Pinnacle"), and Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Pinnacle's false reporting to Equifax of an alleged delinquent debt of the Plaintiff, and Equifax's failure to correct Pinnacle's false reporting on Plaintiff's Equifax credit report.

## II. PARTIES

2. Plaintiff, Goldie Taylor, III, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 5422 Bannon Crossings Drive, Louisville, Kentucky 40218.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Pinnacle, is a Minnesota corporation doing business in the Commonwealth of Kentucky with its principal place of business at 7900 Highway 7, St. Louis Park, Minnesota 55426.

5. Pinnacle is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"

as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9.  This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

10. In summer 2014, Plaintiff was in the process of attempting to secure financing and accessed his credit history via CreditKarma. In accessing his CreditKarma account, Plaintiff discovered that his Equifax credit report contained a derogatory entry furnished by Verizon Wireless regarding an alleged past due cell phone account.

11. Plaintiff has never used Verizon Wireless services or held a Verizon Wireless account.

12. Immediately after discovering the alleged Verizon account, Plaintiff contacted Verizon Wireless and advised that the Verizon account didn't belong to him and was the result of identity theft.

13. On July 21, 2014, Plaintiff filed a police report with the Louisville Metro Police Department concerning the identity theft, and later forwarded the police report to Verizon.

14. Verizon subsequently confirmed to Plaintiff that the Verizon account did not belong to Plaintiff and advised that Verizon would correct the derogatory entry on Plaintiff's Equifax credit report.

15. Upon information and belief, Verizon, despite its statements to Plaintiff, subsequently sold the debt on the alleged Verizon account to Pinnacle for collection.

16. In or around November 2014, Plaintiff accessed his Equifax credit report and discovered a derogatory past due collections entry furnished by Pinnacle.

17. On November 20, 2014, Plaintiff filed a dispute with Equifax concerning the Pinnacle account.

18. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Pinnacle of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

19. On or about December 18, 2014, Equifax verified the Pinnacle account.

20. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Equifax failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

21. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the Pinnacle account.

### V. CLAIMS

#### Negligence – Pinnacle

22. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Pinnacle's false reporting to Equifax regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, Pinnacle breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history

and acted with conscious disregard for Plaintiff's rights.

24.    Pinnacle's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Pinnacle's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Equifax**

25.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.    Equifax's failure to remove Pinnacle's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove Pinnacle's false reports of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

27.    Equifax's negligent failure to remove Pinnacle's false reports of Plaintiff's alleged debt from Plaintiff's Equifax credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

28.    Equifax's failure to remove Pinnacle's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Pinnacle

29.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Pinnacle, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, that Plaintiff was past due on the alleged Pinnacle account and that the Pinnacle account was in collection status. Pinnacle's statements were made with conscious disregard for the rights of the Plaintiff.

31.     Pinnacle's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

32.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Pinnacle and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged Pinnacle account and that Pinnacle was in collection status. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

34.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Pinnacle

35. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. Pinnacle's false reporting to Equifax of Plaintiff's alleged delinquency is a violation of Pinnacle's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

37. Pinnacle's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Pinnacle is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Equifax's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

40. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Pinnacle

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Pinnacle's false reporting to Equifax of Plaintiff's alleged delinquency, despite Pinnacle's knowledge of the falsity of its reporting, is a willful violation of Pinnacle's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

43. Given Pinnacle's knowledge of the falsity of its reporting, Pinnacle's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Pinnacle is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

44. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

46. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

47. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Goldie Taylor, III, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
(502) 589-4994
dhemminger@lynchcox.com
*Counsel for Plaintiff*

## VERIFICATION

I, Goldie Taylor, III, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Goldie Taylor, III

COMMONWEALTH OF KENTUCKY   )
                           ) SS
COUNTY OF JEFFERSON        )

Subscribed, sworn to and acknowledged before me by Goldie Taylor, III this 21st day of April, 2015.

_____
Notary Public

Commission expires: Jan. 28, 2018